And we'll start with United States v. Hardie, 22552. Good morning. May it please the court, Robin Smith for appellant. Hold on one second, please. Sorry. OK, please proceed. Good morning, Robin Smith for appellant Peter Hardie. Your Honors, following the receipt of the government's brief, our position at oral argument was to be that Hardie's appeal is not mooted by his transfer from Fort Dix to the USP Lewisburg camp on the grounds that Smith v. R2 and Hubbard v. Taylor are similar to Hardie's case, and that his case is distinguishable from Flanagan v. Graham, because in that case, Graham was actually released from the facility, and that was the relief that he had originally sought. Our position also was to be that inmate transfers have been common, even since COVID, as evidenced by four cases that the government cites in its brief on page 14, I believe. Yes. So you're using the past tense. I am. I'm getting there. May I continue? Of course. OK, thank you. You have about six minutes and 57 seconds to get it. Thank you. Transfers have been common, even since COVID, as evidenced by Mr. Hardie's case, four cases cited in the government's brief, as well as my own experience. I've seen other inmates transferred since COVID. And Mr. Hardie's case is very unique in that he suffers from five serious comorbidities that could make COVID potentially dangerous or fatal to him if he contracted it. So our position was that the case is capable of repetition, yet evading review. However, I spoke with Mr. Hardie this past Saturday, and after serving 11 years, he is to be transferred to a halfway house on January 6. On that ground, we would concede that the case is moot, because that is scheduled to happen. He is unaware of any. That's the relief he seeks, or he sought. Yes. Release would normally lead to a halfway house as the next step. He's unaware of any active COVID cases at USP Lewisburg. So if the court doesn't have any questions, we won't oppose them. Well, you found this out on Saturday? Yes. OK. It would have been helpful to have a letter on Monday. Yes, I was still processing what we wanted our position to be. And unfortunately, I was very busy with other things. And even when I spoke to you, the US attorney. From my perspective and our perspective, this is the most important thing. So it would have been better to have a letter on Monday. OK, I'll remember that for the next time I apologize. But thank you very much. Anything further? No, thank you. Thank you. So moot was going to be a bad thing. Now, moot is a good thing, is that how it works out? It's a good thing for Mr. Hardy. That's what I mean. He's looking forward to the next phase of his life, after 11 years incarcerated. Ms. Zuckerweiss, you have eight minutes. I sincerely don't expect to take that long. May it please the court, my name is Laura Zuckerweiss. And I'm an assistant United States attorney in the Eastern District of New York. The defendant has just conceded that the relief that he sought before the court below has been granted. And he will be released in a few short weeks. In addition, the government would contend that the, well, just focusing on that, that provides a sufficient basis for the court to dismiss this appeal. And as a result, the government will rest on its papers for the remainder of the argument, unless your honors have any questions. Thank you very much. Thank you.